Justice Thomas,
dissenting.
The Court says that States “have flexibility in formulating appropriate procedures to comply with Batson [v. Kentucky, 476 U. S. 79 (1986)],” ante, at 168, but it then tells California how to comply with “the prima facie inquiry mandated by Batson,” ante this page. In Batson itself, this Court disclaimed any intent to instruct state courts on how to implement its holding. 476 U. S., at 99 (“We decline, however, to formulate particular procedures to be followed upon a de *174 fendant’s timely objection to a prosecutor’s challenges”); id., at 99-100, n. 24. According to Batson, the Equal Protection Clause requires that prosecutors select juries based on factors other than race — not that litigants bear particular burdens of proof or persuasion. Because Batson’s burden-shifting approach is “a prophylactic framework” that polices racially discriminatory jury selection rather than “an independent constitutional command,” Pennsylvania v. Finley, 481 U. S. 551, 555 (1987), States have “wide discretion, subject to the minimum requirements of the Fourteenth Amendment, to experiment with solutions to difficult problems of policy,” Smith v. Robbins, 528 U. S. 259, 278 (2000); Dickerson v. United States, 530 U. S. 428, 438-439 (2000). California’s procedure falls comfortably within its broad discretion to craft its own rules of criminal procedure, and I therefore respectfully dissent.